IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 09-0146-WS |
| | ) | |
| **KIMBERLY NICHOLE RAINWATERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on the defendant's motion for new trial. (Doc. 51). A motion for new trial may be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision whether to grant or deny such a motion rests in the sound discretion of the trial court. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).

The defendant's motion is based on a series of misconceptions of the law and of the facts as found by the Court. The defendant asserts that the Court found a common-law marriage only by a preponderance of the evidence, (Doc. 51, ¶ 5), but the Court explicitly found a common-law marriage beyond a reasonable doubt. (Doc. 50 at 1 n.2; *id*. at 4). The defendant also suggests the Court made no independent finding of a common-law marriage but merely adopted the finding (by a preponderance of the evidence) of the state judge. (Doc. 51, ¶ 5). The Court did no such thing. Quite the opposite, the Court "base[d] its finding of a common-law marriage on its independent findings on the evidence presented, not in whole or in part on Judge Baxter's ruling." (Doc. 50 at 8).

The defendant argues that the Court relied on "facts that were not in evidence." (Doc. 51, ¶ 4). What the Court found was that Rainwaters' testimony before Judge Baxter — that he did not intend to be married — was not credible, given his financial interest in denying a marriage and given the extensive evidence from the defendant

(against her financial and penal interest) that she and Rainwaters manifested a mutual intent to be married. (Doc. 50 at 4 n.4). Discounting the credibility of a witness on such grounds does not remotely implicate a charge of relying on facts not in evidence.

The defendant complains that the Court did not address the standards for assessing the existence of a common-law marriage as set out in Social Security rules and regulations. (Doc. 51, ¶ 6). The defendant has never explained the significance of these documents, other than that they identify signed statements from the alleged husband and wife (and their blood relatives) as "preferred evidence" of a common-law marriage. As the Court has ruled, "preferred" evidence is not "required" evidence, and a common-law marriage can be established under the rules and regulations without such evidence; thus, the Court's decision is not at odds with those rules and regulations. (Doc. 50 at 8). More fundamentally, and as the Court has already noted, (*id.*), the Court was not required to determine the defendant's marital status by following Social Security guidelines for making that assessment; rather, the Court was required to determine whether the defendant was married under Alabama law, and the Court did so.

The defendant notes that the government was required to prove beyond a reasonable doubt that a common-law marriage existed, that the defendant knew she was married, and that she intentionally violated the law in getting benefits. (Doc. 51, ¶ 7). The Court made each of these findings beyond a reasonable doubt. (Doc. 50 at 4-6).

The defendant objects that the Court cited Alabama civil cases concerning common-law marriage, which cases did not require proof beyond a reasonable doubt. (Doc. 51, ¶ 8). The Court cited these cases only to show what elements must be proved in order to establish a common-law marriage and to give examples of the sorts of evidence that can be considered in deciding if those elements are satisfied. (Doc. 50 at 6-8). The standard of proof in those cases is quite irrelevant to the Court's decision; in this case, the existence of each element of a common-law marriage was established beyond a reasonable doubt.

The defendant asserts generally that the verdict is contrary to the facts presented, contrary to the relevant law, and contrary to the law and facts. (Doc. 51, ¶¶ 1-3). The defendant presents no argument or explanation in support of her ipse dixit, which therefore provides the Court no means to assess it. Suffice it to say that the Court's decision is perfectly consonant with both the evidence and the law.

Finally, the defendant suggests the government has engaged in "selective enforcement." (Doc. 51, ¶ 9). She does not thereby invoke the common denotation of that term as a prosecution based on an impermissible discrimination between offenders but instead complains that Social Security embraces state court adjudications concerning the existence vel non of a common-law marriage only when Social Security agrees with the state determination. The purpose of this argument remains obscure, but it is in any event irrelevant. The defendant has not been convicted because Judge Baxter found her to be married, but because the evidence presented in the case (excluding Judge Baxter's finding) persuades the Court beyond a reasonable doubt that she was married and that all other elements of the charged offenses are satisfied.

For the reasons set forth above, the defendant's motion for new trial is **denied**.

DONE and ORDERED this 24th day of June, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE